| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

                Plaintiff,

   v.

JEFFERY B SESSIONS,

                Defendant.

CASE NO. C17-5426RBL

ORDER

THIS MATTER is before the Court on Defendant Sessions' Motion to Dismiss. [Dkt. # 18], and on Plaintiff West's Motions for a Conference [Dkt. #22] and for Recusal of U.S. Attorney Annette Hayes [Dkt. #23]. This is one of nine[1] cases West has filed related to her employment at the Puget Sound Naval Shipyard in Bremerton, which ended in August 2016.

---

[1] The cases are:

    *West v. Stackley*, C17-5246RBL,
    *West v. Stackley*, C17-5273RBL,
    *West v. Stackley*, C17-5366RBL,
    *West v. Stackley*, C17-5367RBL,
    *West v. Stackley*, C17-5368RBL,
    *West v. Sessions*, C17-5426RBL,
    *West v Stackley*, C17-5510RBL.

Two prior cases (purported class actions) against the prior Secretary of the Navy, *West v Mabus*, C16-5191RBL and *West v Mabus*, C16-5204RBL, were dismissed.

This case is a little different than the others, in that the defendant is the Attorney General, rather than the Secretary of the Navy, and the claims relate to Sessions' conduct in defending the Secretary in the other cases, particularly *West v. Stackley*, C17-5273RBL.

West's complaint alleges that Attorney General Sessions is abusing his power in order to prevent West from litigating her case, and that he "stole" documents (the civil cover sheet, summons and complaint and) in *West v. Stackley*, C17-5273RBL, and refused to sign her summonses. The rest of the complaint alleges somewhat incongruously that Sessions is a private citizen not entitled to a representation from the U.S. Attorneys' office. And she complains that U.S. Attorney Hayes does not represent *her*, which is of course true, but is not at issue because Hayes does not purport to represent plaintiff West; she represents defendant Sessions.

Sessions seeks dismissal on sovereign immunity grounds, and because West's passing reference to the ADA cannot state a claim because she cannot sue a federal employer under that Act. And he points out that West's complaint fails entirely to allege that Sessions employed her, making her employment-related claims not plausible.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

West's claims cannot survive this standard. She again simply states an accusation as a fact: "Sessions stole my documents." But the documents are right here on the Court's electronic filing system [Dkt. #1], and if hard copies are in Session's personal possession (which is extremely doubtful) it is because she *served them on him*. West's claim that Sessions actually "stole" these documents from her is specious and not plausible, not matter how liberally it is construed.

West has filed nine cases and dozens of motions and requests in this Court, this year. All are facially frivolous. Permitting her to amend her complaint in this case would be futile; she

cannot plausibly allege that Sessions stole a public document from her or otherwise personally interfered with her attempts to litigate a different case. The Motion to Dismiss is GRANTED and all of Plaintiff West's claims against Defendant Sessions are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 19th day of September, 2017.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge